# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-07331-R (SK) | Date | September 5, 2018 |
|---|---|---|---|
| Title | Reginald Holmes v. W.L. Montgomery | | |

Present: The Honorable    Steve Kim, U.S. Magistrate Judge

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**    (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

In August 2018, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2015 convictions for first-degree murder with gang enhancements and being a felon in possession of a firearm. (Pet., ECF No. 1). On its face, however, the Petition appears untimely.

Petitioner filed a direct appeal of his conviction and then a petition for review in the California Supreme Court that was denied in July 2016.[1] (Cal. S. Ct. S234145). He did not file a petition for certiorari to the U.S. Supreme Court. (Pet. at 5). Thus, his conviction became final in October 2016 when the time to file a certiorari petition passed. *See* 28 U.S.C. § 2101. From that date, Petitioner had one year to file a timely federal petition not including any statutory tolling. *See* 28 U.S.C. § 2244 (d)(1)(A). But statutory tolling applies only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). The period during which a petition is pending in *federal* court does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 121 (2001).

Here, before filing any state habeas petition, Petitioner filed a federal habeas petition in this district in June 2017. (*See* Case No. 17-cv-4651). In that case, the court found that the petition was unexhausted and gave Petitioner the option to seek a stay or return to state court to exhaust his claims. (*See id.*, ECF Nos. 9–10). But Petitioner did neither, so the case was involuntarily dismissed in November 2017. (*See id.*, ECF No. 11). Petitioner then filed another federal petition in this district in March 2018. (*See* Case No. 18-cv-1881). After he was notified that this petition, like his first federal petition, remained unexhausted and also appeared untimely, Petitioner voluntarily dismissed that petition. (*See id.*, ECF. Nos. 3–4). Finally, in April 2018, Petitioner sought habeas review in California Supreme Court, which denied his state petition in July 2018. (Cal. S. Ct. S248169). He then filed the current federal petition at issue.

---

[1] The Court takes judicial notice of the public records of Petitioner's direct appeals, state habeas petition, and prior federal habeas petitions. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07331-R (SK) | Date | September 5, 2018 |
|---|---|---|---|
| Title | Reginald Holmes v. W.L. Montgomery | | |

While Petitioner may have at last exhausted his claims, he has not overcome the untimeliness of his federal petition. As noted, his prior federal petitions did not toll the limitations period. And the denial of his recent state petition in July 2018 cannot restart a new one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nothing else on the face of the Petition or any judicially-noticeable evidence shows that the Petition is timely.

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **October 8, 2018** why this action should not be dismissed as untimely. It remains Petitioner's burden to establish timeliness on any other ground that the Court may not be aware of. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). If Petitioner is unable to demonstrate that the Petition is timely, the Petition shall be summarily dismissed.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders. See Fed. R. Civ. P 41(b); L.R. 411.**

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-09.